# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

WALLACE and PHYLLIS
MONTGOMERY,                       )
                                  )
          Plaintiffs,             )
                                  )
     v.                           ) Civil Action No.: 2:06 CV880 -WKW
                                  )
BERTHA MOORE, et al.,             )
                                  )
          Defendants.             )

## NOTICE OF REMOVAL & SUBSTITUTION

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. § 2679 (d) (2), *Wallace and Phyllis Montgomery v. Bertha Moore, et al.,* Case No. CV 2005-2214 (Circuit Court of Montgomery County, Alabama), is hereby removed to this Court, and the United States is substituted as party defendant for Bertha Moore. In support of this notice, the United States respectfully states as follows:

1. Bertha Moore is a defendant in *Wallace and Phyllis Montgomery v. Bertha Moore, et al.,* Case No. CV 2005-2214 (Circuit Court of Montgomery County, Alabama). The complaint alleges that on August 29, 2003, defendant Moore and plaintiffs were involved in an automobile accident on Interstate Sixty-Five (I-65). Copies of all papers filed in the State court are filed with this Notice as Exhibit 1.

2. Bertha Moore is the executive secretary for Leura G. Canary, United States Attorney for the Middle District of Alabama.

3. Pursuant to 28 U.S.C. § 2679 (d) (2), Phyllis J. Pyles, Director, Torts Branch, Civil Division, United States Department of Justice, has certified that Bertha Moore was acting within the scope of her federal office or employment at the time of the incident out of which plaintiffs' claims arise. *See* 28 C.F.R. § 15.4 (a) (2006) (delegating the Attorney General's certification authority to the Director, Torts Branch, Civil Division, United States Department of Justice). A copy of the Attorney General's scope-of-employment certification is filed with this Notice as Exhibit 2.

4. Removal to this Court has occurred by operation of law based upon the Attorney General's scope-of-employment certification. 28 U.S.C. § 2679 (d)(2). The Attorney General's certification conclusively establishes removal jurisdiction in this Court. 28 U.S.C.§ 2679(d)(2); *Gutierrez De Martinez v. Lamagno*, 515 U.S. 417, 431 (1995).

5. Substitution of the United States as party defendant for Bertha Moore has occurred by operation of law, and this action shall proceed as an action against the United States under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346 (b), 2671-2680. 28 U.S.C. § 2679 (d) (2).

WHEREFORE, pursuant to 28 U.S.C. § 2679 (d) (2), *Wallace and Phyllis Montgomery v. Bertha Moore, et al.*, Case No. CV 2005-2214 (Circuit Court of Montgomery County, Alabama)(Shashy, W.) has been removed to this Court, and the United States has been substituted as party defendant for Bertha Moore.

2

Respectfully submitted this 28th day of September, 2006.

> PETER D. KEISLER
> Assistant Attorney General
> Civil Division
>
> PHYLLIS J. PYLES
> Director, Torts Branch
> Civil Division
>
> GAIL K. JOHNSON
> Trial Attorney, Torts Branch
> Civil Division
>
> CONOR KELLS
> Trial Attorney, Torts Branch
> Civil Division
> U.S. Department of Justice
> Benjamin Franklin Station
> P.O. Box 888
> Washington, D.C.  20044
> (202) 616-4273
> (202) 616-5200 (FAX)
>
> LEURA G. CANARY
> United States Attorney
>
> By: STEPHEN M. DOYLE
> Chief, Civil Division
> Assistant United States Attorney
> Post Office Box 197
> Montgomery, AL  36101-0197
> District of Columbia Bar No. 422474
> Telephone No.: (334) 223-7280
> Facsimile No.: (334) 223-7418
> **E-mail:  stephen.doyle@usdoj.gov**
>
> Attorneys for Defendant
> UNITED STATES OF AMERICA

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the foregoing Notice of

Removal and Substitution upon plaintiffs' attorney by mailing a copy of same, first class,

postage prepaid, addressed as follows:

> J. Callen Sparrow, Esq.
> Post Office Box 11310
> 2224 1st Avenue North
> Birmingham, AL 35202

Dated this 28th day of September, 2006.

Assistant United States Attorney

# IN THE CIRCUIT COURT OF
## MONTGOMERY COUNTY ALABAMA

RECEIVED
2006 AUG 31 P 1:50

| | |
|---|---|
| **Wallace and Phyllis Montgomery,**<br>**Plaintiffs,** | ) <br> ) <br> ) |
| **v.** | )     **CV-2005-2214** <br> ) |
| **Bertha Moore, et. al.,**<br>**Defendants.** | ) <br> ) <br> ) |

## JURY TRIAL
## SCHEDULING ORDER

It is hereby **ORDERED** that the above matter is set for a **JURY TRIAL** on **02/12/2007** at **9:00 am** in Courtroom **3-C** of the Montgomery County Courthouse.

It is further **ORDERED** as follows:

Counsel for each party shall jointly prepare a pretrial order in substantial compliance with the attached order embracing all matters set out in *Rule 16 ARCP*, and submit it to the Court.

The Parties SHALL, within Thirty (30) days, file with this Court cut-off dates, including but not limited to, witness exchange, including the exchange of *Rule 26* information.

**DONE** and **ORDERED** this *August 30, 2006.*

*William A. Shashy*

—————————————
WILLIAM A. SHASHY
Circuit Judge

J. Callen Sparrow
P.O. Box 11310
2224 1st Avenue North
Birmingham, AL 35202

Stephen M. Doyle
P.O. Box 197
Montgomery, AL 36101-0197



DEFENDANT'S
EXHIBIT

CASE
NO.

EXHIBIT
NO. _1_



## IN THE CIRCUIT COURT FOR
## MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| **WALLACE MONTGOMERY and PHYLLIS MONTGOMERY,** | ) )<br>)<br>) |
| **Plaintiffs,** | )<br>) |
| v. | )<br>) |
| **BERTHA MOORE,** | )<br>) |
| **Defendant.** | )<br>) |

CASE NO. CV-2005-2214-WAS

### NOTICE OF APPEARANCE

COMES NOW, the undersigned attorney, Emily C. Marks, and files this Notice of Appearance as attorney for Bertha Moore in the above case.

_Emily C. Marks_

EMILY C. MARKS (COO064)
Attorney for Defendant, Bertha Moore

OF COUNSEL:
BALL, BALL, MATTHEWS & NOVAK, P. A.
2000 Interstate Park Drive, Suite 204
Post Office Drawer 2148
Montgomery, Alabama 36l02-2148
(334) 387-7680

### CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon all counsel of record as listed below by placing a copy of said document in the United States Mail, first class, postage prepaid and properly addressed on this September 18, 2006.

Warren M. Parrino, Esq.
Garrison Scott, P.C.
P.O. Box 11310 (35202)
2224 1st Avenue North
Birmingham, AL 35202

Stephen M. Doyle, Esq.
Traci Colquett, Esq.
Civil Division
Assistant U.S. Attorney
P.O. Box 197
Montgomery, AL 36101-0197

_Emily C. Marks_

OF COUNSEL

IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| WALLACE MONTGOMERY, et al., | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: CV 2005-2214 |
| | ) |
| BERTHA MOORE, et al., | ) |
| | ) |
| **Defendants.** | ) |

## MOTION TO LIFT STAY

COME NOW the plaintiffs in the above-styled cause, and request this Court to lift the stay and place this case on its active docket. Efforts to resolve the Federal Tort Claim have been unsuccessful.

**WHEREFORE**, plaintiffs respectfully request this Court to enter an Order placing this case back on its active docket.

Respectfully submitted,

J. Callen Sparrow (SPA006)
Attorney for Plaintiffs

OF COUNSEL:

HENINGER GARRISON DAVIS, LLC
P. O. Box 11310 (35202)
2224 1st Avenue North
Birmingham, AL 35203
Telephone:    (205)326-3336
Facsimile:    (205)326-3332

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing pleading upon the following parties of record, by placing a copy of same in the United States mail, postage prepaid, on this the 23rd day of August 2006.

Stephen M. Doyle, Esquire
Chief, Civil Division
Assistant United States Attorney
P. O. Box 197
Montgomery, AL 36101-0197
Telephone:   (334)223-7280
Facsimile:   (334)223-7418

Bertha G. Moore
4731 Queensbury Court
Montgomery, AL 36116

OF COUNSEL

2

| **STATE OF ALABAMA** | Revised 2/22/05 | ▶**Case No.** |
|---|---|---|
| **Unified Judicial System** <br> ____Montgomery____ County | Check one(Not for Workers' Comp, PFA, or Small Claims cases): <br> ☐ District Court  ☑ Circuit Court | CV 2005-2214 |

| *Style of case:*  Wallace Montgomery, et al. <br><br> v. <br><br> Bertha Moore, et al. | **MOTION COVER SHEET** <br><br> *Name of Filing Party:*  Plaintiffs |
|---|---|

| *Name, Address, and Telephone No. of Attorney or Party, If Not Represented:* <br> J. Callen Sparrow, 2224 1st Avenue North, Birmingham, AL 35203 <br> (205)326-3336 <br> *Attorney Bar No.:* SPA006 | *To be filled out by Clerk of Court:* <br> ☐ Filing Fee Charged and Collected (Amt $_____) <br> ☐ Filing Fee Not Required (SM, Work Comp, PFA) <br> ☐ Affidavit of Hardship on File |
|---|---|

## Type of Motion (Check One)

| **Motions Requiring Fee** | **Motions Not Requiring Fee** |
|---|---|
| ☐ Default Judgment ($50.00) <br> ☐ Intervene or Appear as Third Party Plaintiff – Only in CV cases, excluding DR cases filed on the CV docket ($297.00) <br> ☐ Joinder in Other Party's Dispositive Motion (i.e. Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) <br> ☐ Judgment on the Pleadings ($50.00) <br> ☐ Motion to Dismiss, or in the Alternative Summary Judgment($50.00) <br> ☐ Other Dispositive Motion not pursuant to Rule 12(b) ($50.00) <br> ☐ Renewed Dispositive Motion (Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) <br> ☐ Summary Judgment or other Dispositive Motion not pursuant to Rule 12(b) ($50.00) <br> ☐ Other _____, pursuant to Rule_____ ($50.00) <br><br><br> * Motion fees are enumerated in §12-19-71(a).  Fees pursuant to Local Act are not included.  Please contact the Clerk of the Court regarding applicable local fees. <br><br> ☐ Local Court Cost $_____ | ☐ Add Party <br> ☐ Amend <br> ☐ Change of Venue/Transfer <br> ☐ Compel <br> ☐ Consolidation <br> ☐ Continue <br> ☐ Deposition <br> ☐ Designate a Mediator <br> ☐ Judgment as a Matter of Law (during trial) <br> ☐ Disburse Funds <br> ☐ Discovery <br> ☐ Ex Parte Restraining <br> ☐ Extension of Time <br> ☐ In Limine <br> ☐ Joinder <br> ☐ More Definite Statement <br> ☐ Motion to Dismiss pursuant to Rule 12(b) <br> ☐ New Trial <br> ☐ Objection of Exemptions Claimed <br> ☐ Plaintiff's Motion to Dismiss or Stipulation of Dismissal <br> ☐ Preliminary Injunction <br> ☐ Protective Order <br> ☐ Quash <br> ☐ Release from Stay of Execution <br> ☐ Sanctions <br> ☐ Sever <br> ☐ Show Cause <br> ☐ Special Practice in Alabama <br> ☐ Stay <br> ☐ Strike <br> ☐ Supplement to Pending Motion <br> ☐ Temporary Restraining Order <br> ☐ Vacate or Modify <br> ☐ Withdraw <br> ☑ Other_____Motion to Life Stay_____ <br> pursuant to Rule_____ (Subject to filing fee) |

| Check here if you have filed or are filing contemporaneously with this motion an Affidavit of Substantial Hardship ☐ | Date: <br> August 23, 2006 | Signature of Attorney or Party: |
|---|---|---|

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion.  Each motion should contain a separate Cover Sheet.
** Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee

# IN THE CIRCUIT COURT OF
# MONTGOMERY COUNTY, ALABAMA

WALLACE MONTGOMERY, et al.,    )
    )
    Plaintiffs,    )
    )
    v.    )    Case No.: CV-05-2214
    )
BERTHA MOORE, et al.,    )
    )
    Defendants.    )

FILED
CIRCUIT COURT OF
MONTGOMERY COUNTY
2006 JAN -5 PM 3: 25

## JOINT STATUS REPORT

1.    In its Order of October 5, 2005, staying this case, the Court ordered the parties to file a report by this date concerning the status of the Federal Tort Claim.

2.    The parties hereby report that plaintiffs and the United States are currently engaged in settlement negotiations pursuant to the administrative claim provision of the Federal Tort Claims Act, 28 U.S.C. §§ 2401 (b), 2672, 2675; 28 C.F.R. §§ 14.1 through 14.11.

3.    The parties request that this case remain stayed so that they can continue to pursue these negotiations.

4.    I, the undersigned Assistant United States Attorney, do hereby certify that Counsel for plaintiffs, J. Callen Sparrow, Esquire, and I have reviewed and agreed to this joint status report.

Respectfully submitted this 5th day of January 2006.

By: _____
for J. CALLEN SPARROW (SPA006)
Garrison Scott, P.C.
P.O. Box 11310 (35202)
2224 1st Avenue North
Birmingham, AL 35203
Telephone: (205) 326-3336
Facsimile:  (205) 326-3332
**E-mail:** jcsparrow@gsattnys.com
Counsel for Plaintiffs


LEURA G. CANARY
UNITED STATES ATTORNEY

By: _____
STEPHEN M. DOYLE
Chief, Civil Division
Assistant United States Attorney
D.C. Bar No. 422474
Post Office Box 197
Montgomery, AL  36101-0197
Telephone No.: (334) 223-7280
Facsimile No.: (334) 223-7418
**E-mail:** stephen.doyle@usdoj.gov
Counsel for Defendant

WAS
UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

Melissa A. Rittenour
Montgomery County Courthouse
P.O. Box 1667
251 S. Lawrence Street
Montgomery, AL 36102-1667

36104+4218

**SENDER: COMPLETE THIS SECTION**

- Complete items      , and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Bertha Moore
473 Queensbury Court
Montgomery, AL 36116

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Lee Moore_
☐ Agent
☐ Addressee

B. Received by ( Printed Name)
_Lee Moore_
C. Date of Delivery
9/1/06

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

S & C 01
CV-05-2214

3. Service Type
☑ Certified Mail      ☐ Express Mail
☐ Registered      ☐ Return Receipt for Merchandise
☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)      ☒ Yes

2. Article Number
   (Transfer from service label)      7004 0750 0000 4785 3808      PAL097

PS Form 3811, August 2001      Domestic Return Receipt      102595-02-M-1035

# IN THE CIRCUIT COURT OF
## MONTGOMERY COUNTY ALABAMA

Wallace and Phyllis Montgomery,   )
       Plaintiff,      )
                    )
vs.                    )       CV-2005-2214
                    )
Bertha Moore, et. al.,       )
       Defendant.     )

2005 OCT 14 PM 2:36

## ORDER

It is hereby **ORDERED** that this matter is reset for a **JURY TRIAL** on **9/11/2006** at **9:00AM** in Courtroom **3-C** of the *Montgomery County Courthouse.*

**DONE** and **ORDERED** this October 14, 2005.


*William A. Shashy*
**WILLIAM A. SHASHY**
Circuit Judge


Warren M. Parrino, Esq.
P.O. Box 11510
2224 1st Avenue North
Birmingham, AL 35202

Bertha Moore
4731 Queensbury Court
Montgomery, AL 36116

# IN THE CIRCUIT COURT OF
## MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| WALLACE MONTGOMERY, ET AL., | ) |
| Plaintiffs. | ) |
| v. | )     Case No.: CV-05-2214 |
| BERTHA MOORE, ET AL., | ) |
| Defendants. | ) |

## ORDER

It is hereby **ORDERED** that this case is stayed and placed on the administrative docket. Either party may petition the Court for placement on the active docket. The Parties shall file a report by January 5, 2006, concerning the status of the Federal Tort Claim.

**DONE** and **ORDERED** this the __5__ of __Oct_____,
2004.

_____
WILLIAM A. SHASHY
Circuit Judge

J. Callen Sparrow
P.O. Box 11310
2224 1st Ave. North
Birmingham, AL 35203

Bertha G. Moore
4731 Queensbury Court
Montgomery, AL 36116

2005 OCT -5 PH 3: 44

# GARRISON | SCOTT

W. LEWIS GARRISON, JR. *
ROMAINE S. SCOTT, III
J. CALLEN SPARROW
WILLIAM L. BROSS
HONZA J. F. PRCHAL ✶
BRIAN D. HANCOCK ▲
MARY ELIZABETH MAYS
WARREN M. PARRINO

222 4 F AVENUE NORTH
BIRMINGHAM, ALABAMA 35203

MAILING ADDRESS:
P. O. BOX 11310
BIRMINGHAM, ALABAMA 35202

WWW.GSATTYS.COM

TELEPHONE: (205) 326 . 3336
FACSIMILE: (205) 326 . 3332
WATS: (800) 241 . 9779

*ALSO ADMITTED IN GA
✶ ALSO ADMITTED IN MS
▲ ALSO ADMITTED IN TN

October 4, 2005

## VIA FACSIMILE AND REGULAR MAIL - (334)832-1323 (Attn: Michael)

The Honorable William Shashy
Montgomery County Courthouse
P. O. Box 1667
Montgomery, AL 36102-1667

> Re:   *Wallace Montgomery, et al. v. Bertha Moore, et al.*
>       Civil Action Number: CV 2005-2214

Dear Judge Shashy:

Attached is a Motion for Stay that I am filing the above-referenced case. I have spoken with the U.S. Attorney's office in Montgomery and the lawyer overseeing this in that office agrees with this stay if it is approved by this Court. As a result of the way in which the federal tort claims have been handled, entering the stay will allow us to continue trying to resolve the claims or, if that is unsuccessful, will allow us to go forward with the claims of both plaintiffs in the same lawsuit in federal court.

Thank you for your consideration in this matter and if you would like to discuss this please give me a call.

With kindest regards, I remain,

Sincerely yours,

J. Callen Sparrow

JCS/lcm
Attachment

IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| WALLACE MONTGOMERY, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: CV 2005-2214 |
| | ) |
| BERTHA MOORE, et al., | ) |
| | ) |
| Defendants. | ) |

## MOTION FOR STAY

COME NOW the plaintiffs in the above-styled cause, and move this Court for an Order staying this case in order to allow the plaintiffs to conclude the administrative process under the Federal Tort Claims Act, and in support thereof, show as follows:

This case involves an automobile accident between the plaintiffs Wallace and Phyllis Montgomery and the defendant Bertha Moore. Upon information and belief, at the time this accident occurred, Ms. Moore was in the line and scope of her employment with the federal government as an employee of the U.S. Attorney's office. A federal tort claim was filed on behalf of Wallace Montgomery more than six months ago. However, injuries to Phyllis Montgomery were unknown until after the filing of that claim. Upon learning of the injuries to Phyllis Montgomery, a federal tort claim was filed on her behalf less than six months ago.

Because of the difference in time-frames, Phyllis Montgomery's federal tort claim is not yet ripe to be litigated in federal court. However, Wallace Montgomery's claim is. Because Ms. Moore was in the line and scope of her employment at the time of the accident, this case will be removed to federal court under the Federal Tort Claims Act.

Upon removal, Phyllis Montgomery's claim will be due to be dismissed in that the requisite time has not yet expired for the administrative handling of her claim.

As a practical matter, these claims may well be resolved at the administrative level given a sufficient amount of time to process them. If stayed, the federal government will not be required or compelled to remove the case. In the event the claims are not resolved at the administrative level, a stay would allow both claims arising from the same automobile accident to go forward simultaneously upon removal to the federal court.

**WHEREFORE**, plaintiffs respectfully move this Court to enter an Order staying this case until the administrative process relating to Phyllis Montgomery's federal tort claim is completed.

Respectfully submitted,

J. Callen Sparrow (SPA006)
Attorney for Plaintiffs

OF COUNSEL:

GARRISON SCOTT, P.C.
P. O. Box 11310 (35202)
2224 1st Avenue North
Birmingham, AL 35203
Telephone:   (205)326-3336
Facsimile:   (205)326-3332

2

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing pleading upon the following parties of record, by placing a copy of same in the United States mail, postage prepaid, on this the 4th day of October 2005.

Bertha G. Moore
4731 Queensbury Court
Montgomery, AL 36116

OF COUNSEL

3

W. LEWIS GARRISON, JR.
ROMAINE L. SCOTT, III
J. CALLEN SPARROW
WILLIAM L. BROSS
BONZA J.E. PRICHARD
BRIAN D. HANCOCK
MARY ELIZABETH MAYO
MARIDY M. ZARDINO

# GARRISON SCOTT, P.C.

2224 1ST AVENUE NORTH
BIRMINGHAM, ALABAMA 35203

TELEPHONE: (205) 326-3336
FACSIMILE: (205) 326-3332
WATS: 1-800-241-6775
http://www.garduy.com

ALSO ADMITTED IN GA.
ALSO ADMITTED IN MS.
ALSO ADMITTED IN TN

| Date & Time: | October 4, 2005 |
| Deliver To: | Michell Riley Shook |
| Fax No. Sent To: | (334) 353-1323 |
| From: | Callen Sparrow |
| Reference: | William Montgomery et al v. Bretha Ivall, etc. 110005-2214 |
| Number of Pages: | |
| Operator: | Kim Mann |
| Delivery: | Cover Sheet + 4

___ This will be the only form of delivery for this document.

X Original of this document will be sent via: U.S. Mail |

IF YOU DO NOT RECEIVE LEGIBLE COPIES OF ALL PAGES, PLEASE CALL (205)326-3336 AS SOON AS POSSIBLE.

**COMMENTS OR REMARKS:**

The information contained in this facsimile message is legally privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this telecopy is strictly prohibited. If you have received this telecopy in error, please immediately notify us by telephone and return the original message to us at the above via the United States Postal Service.

# GARRISON | SCOTT

W. LEWIS GARRISON, JR. *
RONALD S. SCOTT, III
J. CALLEN SPARROW
WILLIAM L. BROSS
HEWITT F. PRETAL *
BRYAN D. HANCOCK *
MARY ELIZABETH MARS
WARREN M. PARRISH

2224 1ST AVENUE NORTH
BIRMINGHAM, ALABAMA, 35203

MAILING ADDRESS:
P.O. BOX 130
BIRMINGHAM, ALABAMA, 35202

WWW.GCN---LAW.COM

TELEPHONE (205) 326...3336
FACSIMILE (205) 326...3332
WATS (800) 7...241...9779

* ALSO ADMITTED IN GA
# ALSO ADMITTED IN MS
** ALSO ADMITTED IN TN

October 4, 2005

**VIA FACSIMILE AND REGULAR MAIL - (334)832-1323 (Attn: Michael)**

The Honorable William Shashy
Montgomery County Courthouse
P. O. Box 1667
Montgomery, AL 36102-1667

Re:  *Wallace Montgomery, et al. v. Bertha Moore, et al.*
     Civil Action Number: CV 2005-2214

Dear Judge Shashy:

Attached is a Motion for Stay that I am filing the above-referenced case. I have spoken with the U.S. Attorney's office in Montgomery and the lawyer overseeing this in that office agrees with this stay if it is approved by this Court. As a result of the way in which the federal tort claims have been handled, entering the stay will allow us to continue trying to resolve the claims or, if that is unsuccessful, will allow us to go forward with the claims of both plaintiffs in the same lawsuit in federal court.

Thank you for your consideration in this matter and if you would like to discuss this please give me a call.

With kindest regards, I remain,

Sincerely yours,

J. Callen Sparrow

JCS/lcm
Attachment

IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, ALABAMA

WALLACE MONTGOMERY, et al.,

    Plaintiffs,

v.

BERTHA MOORE, et al.,

    Defendants.

) ) ) ) ) CIVIL ACTION NO.: CV 2005-2214 ) ) ) )

## MOTION FOR STAY

COME NOW the plaintiffs in the above-styled cause, and move this Court for an

Order staying this case in order to allow the plaintiffs to conclude the administrative

process under the Federal Tort Claims Act, and in support thereof, show as follows:

This case involves an automobile accident between the plaintiffs Wallace and

Phyllis Montgomery and the defendant Bertha Moore. Upon information and belief, at the

time this accident occurred, Ms. Moore was in the line and scope of her employment with

the federal government as an employee of the U.S. Attorney's office. A federal tort claim

was filed on behalf of Wallace Montgomery more than six months ago. However, injuries

to Phyllis Montgomery were unknown until after the filing of that claim. Upon learning of

the injuries to Phyllis Montgomery, a federal tort claim was filed on her behalf less than six

months ago.

Because of the difference in time-frames, Phyllis Montgomery's federal tort claim

is not yet ripe to be litigated in federal court. However, Wallace Montgomery's claim is.

Because Ms. Moore was in the line and scope of her employment at the time of the

accident, this case will be removed to federal court under the Federal Tort Claims Act.

Upon removal, Phyllis Montgomery's claim will be due to be dismissed in that the requisite time has not yet expired for the administrative handling of her claim.

As a practical matter, these claims may well be resolved at the administrative level given a sufficient amount of time to process them. If stayed, the federal government will not be required or compelled to remove the case. In the event the claims are not resolved at the administrative level, a stay would allow both claims arising from the same automobile accident to go forward simultaneously upon removal to the federal court.

**WHEREFORE**, plaintiffs respectfully move this Court to enter an Order staying this case until the administrative process relating to Phyllis Montgomery's federal tort claim is completed.

Respectfully submitted,

J. Callen Sparrow (SPA008)
Attorney for Plaintiffs

OF COUNSEL:

GARRISON SCOTT, P.C.
P. O. Box 11310 (35202)
2224 1st Avenue North
Birmingham, AL 35203
Telephone: (205)326-3336
Facsimile: (205)326-3332

2

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing pleading upon the following parties of record, by placing a copy of same in the United States mail, postage prepaid, on this the 4th day of October 2005.

Bertha G. Moore
4731 Queensbury Court
Montgomery, AL 36116

OF COUNSEL

3

## IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| WALLACE MONTGOMERY and,<br>PHYLLIS MONTGOMERY,<br><br>       Plaintiffs,<br><br>v.<br><br>BERTHA MOORE, A & B, the owner<br>and operator respectively of the vehicle<br>that collided with the automobile in which<br>plaintiffs were riding on the occasion<br>described in the complaint; C, D & E,<br>being persons or entities for<br>whose benefit the trip was being made<br>by Bertha Moore on the occasion made<br>the basis of this suit, F, G & H, being<br>persons or entities responsible for the<br>care, condition or state of repair of<br>the motor vehicle operated by Bertha<br>Moore on the occasion described in the<br>complaint, all of whose true and correct<br>names or otherwise unknown to the<br>plaintiff at this time, but will be added<br>by amendment when properly<br>ascertained.<br><br>       Defendant. | CIVIL ACTION No.:CV- 05 -2214 |

CIVIL ACTION No.:CV- 05 -2214

2005 AUG 26  PM 2: 27

## COMPLAINT

Come now the Plaintiffs, Wallace Montgomery and Phyllis Montgomery, and file this complaint against the Defendant, Bertha Moore ("Moore") and Fictitious Defendants A-H ("Defendants") and states as follows:

### PARTIES

1.     The Plaintiff, Wallace Montgomery, is over the age of nineteen (19) years, and is a resident of Norcross, Georgia.

2.     The Plaintiff, Phyllis Montgomery, is over the age of nineteen (19) years, and is a resident of Norcross, Georgia.

3.     Defendant Moore is, upon information and belief, a resident of Montgomery County, Alabama and has been for all times mentioned herein.

**FACTS**

4.     On August 29, 2003, Plaintiffs Wallace Montgomery and Phyllis Montgomery (hereinafter referred to as "Plaintiffs"), were traveling in a vehicle on a Interstate Sixty-Five (I-65) near mile marker one hundred and five (105).  Plaintiffs aver that on said occasion, defendants Bertha Moore; A & B, the owner and operator, respectively, of the vehicle which collided with the automobile in which plaintiffs were riding on the occasion described in the complaint and C, D & E, entities or persons for whose benefit the trip was being made by Bertha Moore on the occasion made the basis of this suit F, G and H the person, persons and/or entities responsible for the care, condition or state of repair of the vehicle operated by Defendant Moore (all of whose true and correct names are otherwise unknown to the plaintiffs at this time, but will be added by amendment when ascertained) negligently or wantonly injured the plaintiffs by negligently or wantonly causing or allowing the vehicle of which they were in charge or control to collide with the automobile in which plaintiffs were riding, and as a proximate consequence of said negligence or wantonness of said defendants, plaintiffs were caused to suffer the injuries and damages set forth herein.

5.     As a proximate consequence thereof, Plaintiff Wallace Montgomery was caused to suffer grievous personal injuries; he was caused to incur significant medical expenses; he was prevented from going about his usual pursuits and duties; the automobile in which Plaintiff was traveling, the property of Plaintiff, was wrecked, damaged, rendered totally inoperable and totally unsalvageable which deprived Plaintiff of the use of said automobile; and Plaintiff has been caused to suffer extreme physical pain and profound mental anguish.

6.     As a proximate consequence thereof, Plaintiff Phyllis Montgomery was caused to suffer significant personal injuries; she was caused to incur medical expenses; she was prevented from going about her usual pursuits and duties; and Plaintiff Phyllis Montgomery has been caused to suffer extreme physical pain and profound mental anguish.

7.     Plaintiff avers that on said occasion Defendant Moore, and Defendants A and B, being the owner and operator, respectively, of the vehicle which collided with the vehicle in which

2

Plaintiffs were traveling on the occasion described in the complaint negligently or wantonly injured the Plaintiff by negligently or wantonly causing or allowing the vehicle of which they were in charge or control to collide with the automobile in which Plaintiffs were traveling, and as a proximate consequence of said negligence or wantonness of said Defendants, Plaintiffs were caused to suffer the injuries and damages hereinabove set forth.

8.    Plaintiffs aver that on said occasion Defendants Moore and C, D and E the person, persons and/or entities responsible for the care, condition or state of repair of the vehicle operated by Defendant Moore on the occasion described in the complaint negligently or wantonly injured the Plaintiffs by negligently or wantonly causing or allowing the vehicle that was being operated by Defendant Moore on the occasion described in the complaint to be operated on the public highways in a condition not safe for such operation, and as a proximate consequence of said negligence or wantonness of said Defendant, Plaintiffs were injured and damaged as hereinabove set forth.

9.    Plaintiffs aver that on said occasion Defendants Moore and F, G and H entities or persons for whose benefit the trip was being made by Bertha Moore on the occasion made the basis of this suit described in the complaint negligently or wantonly injured the Plaintiffs by negligently or wantonly causing or allowing the vehicle that was being operated by Defendant Moore on the occasion described in the complaint to be operated on the public highways in a condition not safe for such operation, and as a proximate consequence of said negligence or wantonness of said Defendant, Plaintiffs were injured and damaged as hereinabove set forth.

10.    At all times relevant herein, Plaintiff Phyllis Montgomery was the lawful wife of Plaintiff Wallace Montgomery. As a direct and proximate consequence of the negligence of wantonness of the Defendant, Plaintiff Phyllis Montgomery was caused to suffer the loss of the services, society and companionship of her husband Plaintiff Wallace Montgomery.

11.    Plaintiffs aver that on said occasion the negligence or wantonness of all defendants combined and concurred and as a proximate consequence of said combined and concurred negligence or wantonness of each defendant, plaintiffs were injured and damaged as hereinabove set

3

forth.

WHEREFORE, Plaintiffs demand judgment against Defendant, in an amount in to be determined by the trier of fact.

_____
Warren M. Parrino, Esq. (PAR097)

**OF COUNSEL:**

GARRISON SCOTT, P.C.
P. O. Box 11310 (35202)
2224 1st Avenue North
Birmingham, Alabama 35202
Telephone:    (205)326-3336
Facsimile:     (205)326-3332

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY
ON ALL ISSUES RAISED HEREIN.**

_____
Warren M. Parrino, Esq. (PAR097)

**Serve Defendant:**
Bertha G. Moore
4731 Queensbury Court
Montgomery, AL 36116

CV-05-2214

| State of Alabama Unified Judicial System | **COVER SHEET** **CIRCUIT COURT - CIVIL CASE** (Not For Domestic Relations Cases) | Case Number |
|---|---|---|

Form ARCIvP-93    Rev. 5/99

| | | Date of Filing: | Judge Code: |

## GENERAL INFORMATION

**IN THE CIRCUIT COURT OF** MONTGOMERY COUNTY , **ALABAMA**

*(Name of County)*

WALLACE MONTGOMERY & PHYLLIS MONTGOMERY **v.** BERTHA MOORE

**Plaintiff**                                                                **Defendant**

**First Plaintiff**  ☐ Business   ☑ Individual       **First Defendant**   ☐ Business   ☑ Individual
                     ☐ Government ☐ Other                                  ☐ Government ☐ Other

---

**NATURE OF SUIT:**  Select primary cause of action, by checking box *(check only one)* that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☑ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PROPERTY INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/ Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

2005 AUG 26   PM 2: 28

---

**ORIGIN** *(check one):*   F ☑ **INITIAL FILING**      A ☐ **APPEAL FROM DISTRICT COURT**      O ☐ **OTHER:** _____

R ☐ **REMANDED**      T ☐ **TRANSFERRED FROM OTHER CIRCUIT COURT**

---

**HAS JURY TRIAL BEEN DEMANDED?**  ■ **YES**  ☐ **NO**      Note:  Checking "Yes" **does not** constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

---

**RELIEF REQUESTED:**   ☐ **MONETARY AWARD REQUESTED**   ☑ **NO MONETARY AWARD REQUESTED**

---

**ATTORNEY CODE:**   P A R 6 9 7      August 26, 2005         _____
                                       **Date**                 Signature of Attorney/Party filing this form

---

**MEDIATION REQUESTED:**   ☐ YES   ☐ NO   ☑ UNDECIDED

## IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| WALLACE MONTGOMERY and,<br>PHYLLIS MONTGOMERY, | )<br>)<br>) |
| **Plaintiffs,** | )<br>) |
| v. | )<br>) |
| BERTHA MOORE, et al.,<br>Defendant. | )<br>)<br>) |

CIVIL ACTION No.:CV- 05 -2214

---

## SUMMONS

---

This service by Certified Mail of this Summons is initiated upon the written request of Plaintiff's attorney pursuant to the Alabama Rules of Civil Procedure.

**Bertha G. Moore**
**4731 Queensbury Court**
**Montgomery, AL 36116**

D\

2005 AUG 26 PM 2:

### NOTICE TO DEFENDANT(S)

The complaint which is attached to this summons is important, and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the complaint, to **Warren M. Parrino, GARRISON, SCOTT, P.C., 2224 1st Avenue North, Birmingham, AL 35203**. THE ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS AFTER THE SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR YOUR HOME, OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR FOR OTHER THINGS DEMANDED IN THE COMPLAINT. You must file the original of your Answer with the Clerk of this Court within reasonable time afterward.

DATED:___09/01/05___          _____Melissa Pittman_____
                              CLERK OF THE COURT      Kc

**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| WALLACE and PHYLLIS MONTGOMERY, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civil Action No.: 2:06CV 880 – WKW ) |
| BERTHA MOORE, et al., | ) ) |
| Defendants. | ) |

## CERTIFICATION OF SCOPE OF EMPLOYMENT

I, Phyllis J. Pyles, Director, Torts Branch, Civil Division, United States Department of

Justice, acting pursuant to the provisions of 28 U.S.C. § 2679(d)(1), and by virtue of the authority

vested in me by the Appendix to 28 C.F.R. § 15.3 (Civil Division Directive No. 90-79), hereby

certify that I have read the Complaint in the above-captioned case. On the basis of the

information now available with respect to the allegations contained therein, I hereby certify that

Bertha Moore was acting within the scope of her employment as an employee of the United

States at the time of the conduct alleged in the Complaint.

Dated this 27th day of September, 2006.

_Phyllis J. Pyles_
PHYLLIS J. PYLES
Director, Torts Branch
Civil Division

**DEFENDANT'S EXHIBIT**

CASE NO.

EXHIBIT NO. 2