IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| WALLACE and PHYLLIS MONTGOMERY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 2:06-cv-880-WKW |
| | ) | |
| UNITED STATES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### UNITED SATES' ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW defendant, the United States, and pursuant to Rule 12 of the Federal rules of Civil Procedure, answers Plaintiffs' Complaint as follows:

### FIRST DEFENSE

Contributory Negligence.

### SECOND DEFENSE

Defendant denies that it breached any duty of care owed to Plaintiffs.

### THIRD DEFENSE

The damages claimed by Plaintiffs were not proximately caused by the accident at issue.

### FOURTH DEFENSE

Plaintiffs demand a jury trial. Trial by jury is not available under the Federal Tort Claims Act. 28 U.S.C. § 2402. *See also, Carlson v. Green*, 446 U.S. 14, 22 (1980).

## FIFTH DEFENSE

The United States is entitled to a set-off of any amounts recovered from other sources in compensation for damages allegedly sustained in this accident.

## SIXTH DEFENSE

The United States reserves the right to assert further affirmative defenses as they become evident through discovery or investigation.

## SEVENTH DEFENSE

NOW, having set forth certain of its defenses herein, the United States responds to the numbered paragraphs in Plaintiffs' Complaint as follows:

1. Defendant is without knowledge or information sufficient to admit or deny paragraph 1.

2. Defendant is without knowledge or information sufficient to admit or deny paragraph 2.

3. The United States has been substituted as party defendant for Bertha Moore, and she is no longer a party to this action. To the extent that an answer is required, Defendant admits paragraph 3.

4. Defendant admits that Bertha Moore was involved in an automobile accident with plaintiffs on Interstate Sixty-Five (I-65) on or about August 29, 2003. Defendant denies the remainder of paragraph 4.

5. Defendant denies paragraph 5.

6. Defendant denies paragraph 6.

7. Defendant denies paragraph 7.

8. Defendant denies paragraph 8.

9. Defendant denies paragraph 9.

10. Defendant is without knowledge or information sufficient to admit or deny paragraph 10.

11. Defendant denies paragraph 11.

Answering the unnumbered Wherefore paragraph that immediately follows paragraph 11, Defendant denies that Plaintiffs are entitled to any relief whatsoever from Defendant.

Respectfully submitted this 8th day of November, 2006.

>PETER D. KEISLER
>Assistant Attorney General
>Civil Division
>
>PHYLLIS J. PYLES
>Director, Torts Branch
>Civil Division
>
>GAIL K. JOHNSON
>Trial Attorney, Torts Branch
>Civil Division
>
>s/Conor Kells
>CONOR KELLS
>Trial Attorney, Torts Branch
>Civil Division
>U.S. Department of Justice
>Benjamin Franklin Station
>P.O. Box 888
>Washington, D.C. 20044
>(202) 616-4273
>(202) 616-5200 (FAX)

        LEURA G. CANARY
        United States Attorney


    By: s/Stephen M. Doyle
      STEPHEN M. DOYLE
      Chief, Civil Division
      Assistant United States Attorney
      Post Office Box 197
      Montgomery, AL  36101-0197
      District of Columbia Bar No. 422474
      Telephone No.: (334) 223-7280
      Facsimile No.: (334) 223-7418
      **E-mail:  stephen.doyle@usdoj.gov**

      Attorneys for Defendant
      UNITED STATES OF AMERICA

## CERTIFICATE OF SERVICE

I hereby certify that on November 8, 2006, I electronically filed the foregoing United States' Answer and Affirmative Defenses with the Clerk of the Court using the CM/ECF system which will send notification of such filing to plaintiffs' attorney J. Callen Sparrow, Esquire.

 Dated this 8th day of November, 2006.


        s/Stephen M. Doyle
        Assistant United States Attorney