THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WALLACE MONTGOMERY )<br>)<br>Plaintiff, )<br>V. )<br>)<br>UNITED STATES OF AMERICA )<br>)<br>Defendant. ) | Case No. 2:06-cv-880-WKW |

**DEFENDANT UNITED STATES' MOTION AND
MEMORANDUM OF LAW IN SUPPORT OF MOTION
TO ALTER OR AMEND THE JUDGMENT PURSUANT TO RULE 59(e)**

Comes now the Defendant, United States of America, to move the court to alter or amend the judgment of the court entered June 23, 2008, in favor of the plaintiffs pursuant to Federal Rule of Civil Procedure 59(e) because the plaintiffs are not yet entitled to post-judgment interest.

**BACKGROUND**

On June 23, 2008, this court entered judgment in favor of plaintiff Wallace Montgomery in the above-captioned Federal Tort Claims Act case. Dkt. Entry 42. Specifically, the court ordered that Mr. Montgomery be paid $485,000 "plus post-judgment interest." Id. Under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b)(1) and 2671 et seq., post-judgment interest is not yet available to the plaintiff, and the court's order should be modified accordingly.

Pursuant to Federal Rule of Civil Procedure 59(e), a "motion to alter or amend a judgment must be filed no later than 10 days after entry of the judgment." Fed. R. Civ. P. 59(e). As this court's judgment was entered on June 23, 2008, this motion is timely. The court may also, pursuant to Rule 52(b), amend its judgment based on new findings. Fed. R. Civ. P. 52(b).

## MEMORANDUM OF LAW IN SUPPORT OF MOTION

Post-judgment interest is allowed on Federal Tort Claims Act judgments only to the extent authorized by 31 U.S.C. § 1304 and 28 U.S.C. § 1961. Section 1304 of Title 31 of the United States Code includes a limited waiver of sovereign immunity for post-judgment interest against the United States. Section 1304 provides, in pertinent part:

> (a) Necessary amounts are appropriated to pay final judgments, awards, compromise settlements, and interest and costs specified in the judgments or otherwise authorized by law when --
> * * * *
> (3) the judgment, award, or settlement is payable --
>
> (A) under section 2414, 2517, 2672, or 2677 of Title 28;
>
> (b)(1) Interest may be paid from the appropriation made by this section --
>
> (A) on a judgment of a district court, **only when the judgment becomes final after review on appeal or petition by the United States Government**, and then only from the date of filing of the transcript of the judgment with the Secretary of the Treasury through the day before the date of the mandate of affirmance.

31 U.S.C. § 1304 (emphasis supplied).

Section 1304 authorizes post-judgment interest on Federal Tort Claims Act judgments only where (1) an adverse monetary judgment has been entered against the United States; (2) the United States appeals; (3) the adverse judgment becomes final after review on appeal; and (4) a transcript of the judgment has been filed with the Secretary of the Treasury. Unless and until the terms and conditions of 31 U.S.C. § 1304 are met, payment of post-judgment interest under Section 1304 is inappropriate. See, e.g., Cardillo by Cardillo v. United States, 767 F.2d 33, 34 (2d Cir. 1985). Since no statute authorizes an award of post-judgment interest beyond the period specified in Section 1304, the United States has not waived its immunity to such an award and

2

remains immune from such liability. Transco Leasing Corp. v. United States, 992 F.2d 552, 555 (5th Cir. 1993); accord Andrulonis v. United States, 26 F.3d 1224, 1231 (2d Cir. 1994).

Thus, if the United States does not appeal an adverse Federal Tor Claims Act judgment, plaintiffs are not entitled to post-judgment interest, even where there is some delay in paying the judgment. Andrulonis, 26 F.3d at 1231. Likewise, if the United States successfully appeals an adverse judgment, plaintiff is not entitled to interest. Accordingly, at this point in time, the United States has 59 days to determine whether it will pursue an appeal. The terms of Section 1304, therefore, have not been met, and the court's order of judgment should be amended to reflect that the plaintiff is not yet entitled to post-judgment interest.

Once the conditions of Section 1304 have been met, and it becomes clear that the plaintiffs are entitled to post-judgment interest on their FTCA judgment, the appropriate rate of interest on the judgment is established by 28 U.S.C. § 1961. At present, however, no interest calculation is possible.

//
//
//
//
//
//
//
//

## CONCLUSION

In conclusion, the United States moves this court, pursuant to Federal Rules of Civil Procedure 59(e) or 52(b), to amend its judgment of June 23, 2008, to reflect that the plaintiffs is not yet entitled to post-judgment interest.

                                        Respectfully submitted,
GREGORY G. KATSAS
Acting Assistant Attorney General
Civil Division

PHYLLIS J. PYLES
Director
Torts Branch, Civil Division

GAIL K. JOHNSON
Senior Trial Counsel
Torts Branch, Civil Division

/s/ Conor Kells
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 888, Benjamin Franklin Station
Washington, D.C. 20044
Telephone: (202) 616-4273
Facsimile: (202) 616-5200

Attorneys for the Defendant,
United States of America

Dated: June 24, 2008

4

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the foregoing upon counsel for Plaintiffs by electronic filing, CM/ECF:

>Annesley H. DeGaris
>Elizabeth A. Ellis
>Attorneys for the Allen Plaintiffs
>Cory, Watson, Crowder & DeGaris, P.C.
>2131 Magnolia Avenue, Suite 200
>Birmingham, Alabama 35205
>
>J. Callen Sparrow
>Attorney for the Montgomery Plaintiffs
>Heninger Garrison Davis, L.L.C.
>P.O. Box 11310 (35202)
>2224 1st Avenue North
>Birmingham, Alabama 35203

Dated this 24th day of June, 2008.

>/s/ Conor Kells
>Trial Attorney, Torts Branch
>Civil Division